PETER SCHLICHER, complainant-appellant,

*v.*

TRENTON, LAKEWOOD AND ATLANTIC RAILWAY COMPANY, defendant, ABEL B. HARING, respondent.

PETER SCHLICHER, complainant, WILLIAM P. SCHMIDT, appellant,

*v.*

TRENTON, LAKEWOOD AND ATLANTIC RAILWAY COMPANY, defendant, ABEL B. HARING, respondent.

[Argued November 26th, 1909.   Decided March 16th, 1910.]

Rulings of a receiver upon the validity of the claims of creditors submitted may be reviewed by the court which appointed him, although no appeal to the court is taken upon such ruling.

On appeals from a decree of the court of chancery advised by Vice-Chancellor Walker.

*Messrs. Alan H. & Theodore Strong,* for the appellants.

*Messrs. Hagaman & Able,* for the respondent.

The opinion of the court was delivered by

DILL, J.

These are two appeals taken respectively by Peter Schlicher and William P. Schmidt from an order advised by Vice-Chancellor Walker, overruling the determination of the receiver of the Trenton, Lakewood and Atlantic Railway Company, an insolvent

corporation, allowing the claims of the appellants for money alleged to be due to them from the corporation. By the determination of the receiver, Schlicher was allowed $4,013.96 and Schmidt $3,641.66. From this conclusion Abel B. Haring, one of the stockholders of the insolvent corporation, appealed to the court of chancery. The vice-chancellor disallowed both claims *in toto,* although in each case an item of $750 allowed by the receiver was not appealed from.

We think the court of chancery erred in refusing to allow to each of the claimants the sum of $750.

The Trenton, Lakewood and Atlantic Railway Company was incorporated for the purpose of constructing a railroad. The president of the company employed a contractor to grade portions of the right of way. After the work was done, the contractor demanded payment, but his claim was repudiated on the ground that it was unjust and that the work had not been authorized by the company. Furthermore, the company was without funds, and the contractor threatened to institute insolvency proceedings. To avoid this, the claimants, together with other directors of the corporation, paid the contractor a part of his claim without prejudice to his right to recover the remainder from the company. Of the amount paid, each of the appellants advanced $750. We are of the opinion that this money was paid by these appellants for the benefit of the corporation, was properly allowed by the receiver, and should have been allowed by the vice-chancellor.

Although the record shows that no appeal was taken from the determination of the receiver allowing this claim, still we are of the opinion that the court of chancery has a right in a case of this character to review the action of its appointee, the receiver, even if there be no appeal from all the transactions.

Another item, amounting to $41.67, claimed by each of the appellants as an advance made by them to the company to pay the cost of printing bonds, was a proper claim against the corporation and should have been allowed by the vice-chancellor. We agree with the vice-chancellor that all the other claims were not debts against the corporation and should not have been allowed.

The order of the court below should be modified so as to sus-

tain, in each case, the claims of the appellants to the two items above mentioned amounting to $791.67. In other respects the decree of the vice-chancellor is affirmed.

On appeal of Peter Schlicher—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VROOM, GRAY, DILL, CONGDON—13.

On appeal of William P. Schmidt—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VROOM, GRAY, DILL, CONGDON—13.